UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ABDI HUSSEN WAGAD,   Court File No. 17-5239
　　　　　　　　　　　　　　　　　　　　　　　Case Type:  Civil
　　　　　　　Plaintiff,

vs.

CHRISTOPHER REITER, N. FRANCO AND　　**COMPLAINT FOR DAMAGES**
OTHER UNKNOWN POLICE OFFICERS
OF THE MINNEAPOLIS POLICE
DEPARTMENT IN THEIR OFFICIAL
CAPACITIES,THE MINNEAPOLIS POLICE
DEPARTMENT, AND THE CITY OF
MINNEAPOLIS,

　　　　　　　Defendants.

---

Abdi Hussen Wagad, as and for his Complaint against Christopher Reiter, N. Franco and other unknown officers of the Minneapolis Police Department, in their official capacities, the Minneapolis Police Department, and The City of Minneapolis states and alleges as follows:

## THE PARTIES

1.　　Plaintiff Abdi  Hussen Wagad ("Plaintiff"). Resides at 1305 University Ave W, St. Paul MN 55104. .  Plaintiff has been employed as a taxicab operator and has resided in Minnesota for approximately twenty years. Plaintiff was mistakenly identified by members of the Minneapolis Police Department because they  erroneously believed that Plaintiff had pulled out a handgun and deliberately threatened one or more females near East Lake Street in the City of Minneapolis. The Plaintiff brings this action for monetary damages.

1

2. Christopher Reiter ("REITER") and N. Franco ("FRANCO") are police officers with the Minneapolis Police Department and were acting within the normal course and scope of their duties on the day and time of the occurrence described in the Complaint.

3. Defendant, the Minneapolis Police Department, ("The Department") is the criminal law enforcement agency with jurisdiction over the city of Minneapolis.

4. Defendant, City of Minneapolis ("Minneapolis") or ("The City") is the municipality that created and oversees the functioning of the Minneapolis police department.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in the United States District Court pursuant to 28 USC §1331 and § 1343(3)&(4).

## FACTS

6. On May 28, 2016, police officer REITER was on duty and working in a marked squad vehicle when he received an official call dispatching him to the area of Portland Avenue South and East Lake Street within the city of Minneapolis. According to REITER'S written version of the police report, REITER was told that a person described as a bald thin Hispanic male had pulled a gun on an unnamed caller, who was aggressive on the call, and who had refused to tell the police dispatcher the location of the person who had pulled the weapon.

7. Shortly after receiving the dispatch REITER and FRANCO separately drove their squad cars to the scene of the occurrence where they encountered Plaintiff who is a black male from Somalia, six feet two inches tall with a full head of gray hair. Despite the fact that REITER had known and had been told previously by the police dispatcher that the person he should be looking for was a bald, thin, Hispanic male, REITER instead apprehended Plaintiff who did not fit the description of the prime suspect and, without any justification, violently threw Plaintiff

against a brick wall and then inflicted serious bodily damage to his face, head and right shoulder during the application of handcuffs upon the Plaintiff.

8.      FRANCO arrived on the scene after REITER and assisted him in the application of the handcuffs upon Plaintiff. Officer REITER's report mentions REITER hearing "a pop as he twisted Plaintiff's arm behind his back. Later, at the hospital, it was determined that Plaintiff's shoulder was dislocated.

9.      After the officers completed their seizure and search of the Plaintiff's body, they found no evidence that Plaintiff possessed a weapon of any sort. Additionally, Plaintiff was never arrested or charged with resisting arrest or any other crime at the time and place of the incident.

10.     Shortly after the assault upon Plaintiff by the above named Defendants, paramedics were called to the scene and took Plaintiff to Hennepin County Medical Center to obtain medical treatment for his injuries. The Plaintiff suffered right shoulder dislocation, back, chest, neck, and head pain. At the hospital Plaintiff was diagnosed with a head trauma, dislocated right shoulder as well as contusions on his face and head. Plaintiff also suffered from nightmares related to the attack. Plaintiff was prescribed Hydrocodone to help with the pain from the attack. Plaintiff has incurred substantial medical costs for his medical care and treatment and will continue to do so in the future. Plaintiff has also suffered past pain and suffering and will continue to do so in the future.

11.     As a direct and proximate result of the attack on the Plaintiff by the police, the Plaintiff continues to suffer from severe physical and mental trauma. The Plaintiff feels intense fear when anyone comes to the door. The Plaintiff continues to suffer from nightmares and

flashbacks to his attack by the police. The Plaintiff also suffers from chronic headaches and experiences periodic shoulder pain on the sites where he was attacked to the present time.

12. As a direct and proximate result of the May 28, 2016 unauthorized and illegal assault by the Minneapolis police department, the Plaintiff has had ongoing medical issues stemming from the assault which have required him to regularly seek medical care and treatment.

## BASES FOR RELIEF

### COUNT I
### SUBSTANTIVE DUE PROCESS VIOLATION
### 42 U.S.C. § 1983 & 5th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION

13. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

14. The Defendants violated Plaintiff's right to due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution by virtue of the conduct described above.

15. The above captioned officers, acting under color of Minneapolis law, violated the Plaintiff's right to bodily integrity and freedom from unreasonable bodily intrusion in a manner so egregious, that it may fairly be said to shock the contemporary conscience.

16. Defendants subjected Plaintiff to this deprivation either maliciously or by acting with reckless disregard for whether his rights would be violated by his action.

17. Further, Defendants' violation of Plaintiff's constitutional rights directly and proximately resulted in Plaintiff's damages.

18. The Defendants thereby violated Plaintiff's constitutional due process rights under the Fifth and Fourteenth Amendments and their conduct is actionable under 42 U.S.C. § 1983.

## COUNT II
## EXCESSIVE FORCE
## 42 U.S.C. § 1983 4TH & 14TH AMENDMENTS TO THE U.S. CONSTITUTION

19. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

20. The above referenced police officers, acting under color of Minneapolis law, violated the Plaintiff's right to freedom from unreasonable searches and seizures in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution by applying excessive force to the Plaintiff's person during the Plaintiff's arrest. The force used by the officers was not reasonable and necessary to arrest the plaintiff and therefore was excessive.

21. The Defendant officers who did not physically participate in the attack on the Plaintiff nonetheless acted in violation of the Plaintiff's Fourth Amendment rights through their deliberate indifference to the excessive force utilized against Plaintiff on the day of the incident.

22. The officers' violation of the Fourth Amendment through their use of excessive force directly and proximately resulted in Plaintiff's damages.  The deprivation of this right constitutes a violation of 42 U.S.C. § 1983.
as it was not authorized by the officer's warrant and the dog did not pose a threat to the officers.

23. Defendant's violation directly and proximately resulted in Plaintiff's damages and the deprivation of Plaintiff's right constitutes a violation actionable pursuant to 42 U.S.C. § 1983.

## COUNT III
## ASSAULT AND BATTERY

24. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

25. Defendants' intentional and unpermitted harmful physical beating of the Plaintiff constitutes an assault and battery.

26. Because Defendants' contact was known by them to be unwanted and it was intended to put Plaintiff in immediate and direct fear and apprehension of a harmful or offensive contact by the Defendant. These acts constitute an assault.

27. Plaintiff did suffer physical bodily harm from the Defendant's assault including extreme emotional distress as a result of the Defendant's assault thus constituting a battery.

28. As a result of the foregoing assault and battery, Defendant is directly and proximately liable to Plaintiff for damages.

## COUNT IV
### Respondeat Superior/Vicarious Liability

29. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

30. Defendants Minneapolis and Minneapolis Police Department are liable for the multiple assault and batteries and unconstitutional conduct perpetrated by several officers in the course and scope of their duties with the Minneapolis Police Department because their actions were foreseeable to the Defendants and the actions were performed within the course and scope of their employment with the Minneapolis Police Department and the city of Minneapolis.

31. As a result of the foregoing, Defendants are liable to Plaintiff for damages.

## COUNT V
### Negligent Training and Supervision

32. Plaintiff repeats and re-alleges each and every paragraph above.

33. Defendant the Minneapolis Police Department at all times mentioned was careless and negligent by failing to properly train and supervise REITER and the other officers during the search and seizure of Plaintiff on the date of the incident described above.

34. Defendant the Minneapolis Police Department was negligent in failing to train its officers in lawful, constitutional conduct pertaining to investigating proper suspects to be detained and questioned for potential criminal activity.

35. As a result of the foregoing the Defendant, the Minneapolis Police Department is liable to the Plaintiff for damages.

## REQUEST FOR RELIEF

1. **WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, jointly and severally, as follows:

    a. Finding that defendants, and each of them, committed acts that constituted violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983;

    b. Awarding monetary damages sufficient to compensate plaintiff for his damages, including but not limited to compensatory damages;

    c. Punitive Damages;

    d. Awarding plaintiff all applicable pre-judgment and post-judgment interest;

    e. Awarding plaintiff attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    f. For an order mandating procedural changes and additional training for the Department regarding the proper method to apprehend suspects;

    g. Awarding any other just and equitable relief the Court deems appropriate.

7

Respectfully Submitted,

Date: __11/28/2017_____        By /s/Phillip Fishman
                                    Phillip Fishman (License 29622)
                                    Attorney for Plaintiff
                                    10 S. 5th St. Ste. 1005
                                    Minneapolis, MN 55402
                                    612-722-0276
                                    phil@pfflegal.com

Date: _11/28/2017_____        By /s/Rachel Petersen
                                    Rachel Petersen (License 0391476)
                                    Attorney for Plaintiff
                                    10 S. 5th St. Ste. 1005
                                    Minneapolis, MN 55402
                                    612-729-2009
                                    rachel@pfflegal.com

## ACKNOWLEDGMENT

Plaintiff ABDI HUSSEIN WAGAD, by and through his undersigned counsel, hereby acknowledges that sanctions may be imposed under the circumstances set forth in Minn. Stat. § 549.211.

Date:  11/28/2017_____       /s/Rachel Petersen_____
                                    Attorney for Plaintiff
                                    Rachel Petersen (License #0391476)
                                    10 S. 5th St. Ste. 1005
                                    Minneapolis, MN 55402
                                    612-729-2009
                                    rachel@pfflegal.com


Date:  11/28//2017_____      /s/Phillip Fishman_____
                                    Attorney for Plaintiff
                                    Phillip Fishman (License #29622)
                                    10 S. 5th St. Ste. 1005
                                    Minneapolis, MN 55402
                                    612-722-0276
                                    phill@pfflegal.com

8